No. 3160.—DESIRE SOMPAYRAC, Wife of A. LECOMTE, and Executrix, *v.* Succession of E. L. HYAMS.—PAULINE FLAUNER, Third Party.

In this case a mortgage creditor, represented by his executor, obtained an order of seizure and sale of the property mortgaged. Another mortgage creditor took a devolutive appeal from the order of seizure, on the ground that there was no authentic evidence of the appointment as executor, that the executor was not authorized under the will to dispose of the property, and that the sum for which the order was issued included compound interest. Held—That if these facts were admitted the third party, a mortgage creditor, would not be injured, because if he held a superior mortgage he would be entitled to the proceeds of the sale in full satisfaction thereof; that if his mortgage was inferior in rank he would be entitled to the residue after paying the older mortgages; that not being injured by the sale of the property mortgaged he could not, therefore, as a third party, obtain an appeal from the order of seizure and sale.

APPEAL from the Ninth District Court, parish of Natchitoches. *H. C. Myers,* Parish Judge, in place of the District Judge, absent. *William M. Levy,* for plaintiff and appellee. *H. Safford,* for third party, appellant.

LUDELING, C. J. In November, 1869, Desiré Sompayrac obtained an order of seizure and sale against a plantation belonging to the succession of E. L. Hyams, situated in the parish of Natchitoches. From this order Pauline Flauner, a third party, alleging that she was a mortgage creditor of the property seized, and that she was injured by the order of seizure and sale, took a devolutive appeal from the order of seizure and sale.

We are unable to discover how the appellant could be injured by the order of seizure and sale, even if the allegations made in her counsel's brief be admitted, that there is no authentic proof of the appointment of the executor, or that he had authority under the will to dispose of the property, and that the sum for which the order issued includes compound interest.

The appellant is not a party to the order of seizure and sale. If her mortgage be first in rank, the sale could not affect her rights; and if her mortgage be not superior to plaintiff's, she could claim the surplus of the proceeds of the sale, over the amount legally due on the mortgage.

It is therefore ordered that the appeal be dismissed at the cost of the appellant.