O’NIELL, J.
As the holder of the first mortgage on the plantation of the defendant, the plaintiff caused executory proceedings to issue, under which the property has been sold.
Alleging that they held a second or junior mortgage on the same property, and that the order of seizure and sale was issued without sufficient authentic evidence, the Misses *383 Mary and Louise Tobyn have taken this devolutive appeal from the order.
The plaintiff has moved to dismiss the appeal on the ground that the appellants have no interest in prosecuting it, especially as the defendant had taken a devolutive appeal from the same order. The defendant’s appeal is now pending in this court.
It was decided in the case of Sompayrac v. Succession of Hyams, 23 La. Ann. 273, that the holder of a second or junior mortgage had no right to appeal from an order of seizure and sale issued at the instance of the holder of the first or senior mortgage.
That decision is founded upon the theory or fact that the rights of the junior mortgagee are subordinate to those of the senior mortgagee, and the holder of the junior mortgage has no more right to interfere with the foreclosure of a senior mortgage, by appealing from the order of seizure and sale, than an ordinary creditor would have. The only question presented in an appeal from an order of seizure and sale in executory proceedings is whether there was sufficient authentic evidence to authorize the flat. That is a matter with which a subordinate creditor is not concerned. The integrity or rank of the mortgage, with which the junior mortgagee is concerned, cannot be challenged by an appeal from the order of seizure and sale.
The appeal is dismissed.