(90 South. 779)

No. 25002.

PAN–AMERICAN BANK & TRUST CO. v. TALLULAH COTTON OIL CO.

(Jan. 30, 1922.)

*(Syllabus by Editorial Staff.)*

1. Mortgages ⊚⇒571—Creditor not legally injured by sale at foreclosure for legal price.

Where the property brought on foreclosure sale the two-thirds of its appraised value required by law to effect a legal sale, a creditor from the mortgagor is not, within legal contemplation, injured by the amount for which the property was sold, as respects his right to appeal from the order of seizure and sale.

2. Mortgages ⊚⇒571 — Creditor can attack fraudulent appraisal or foreclosure sale only by separate suit.

The remedy of a creditor against a fraudulent appraisal or sale of mortgaged property is not by an appeal from the order of seizure and sale, but by an appropriate action in court of original jurisdiction to annul the sale.

3. Mortgages ⊚⇒571—Creditor cannot appeal from order of seizure and sale, because it was based on insufficient evidence.

An ordinary creditor of the mortgagor cannot appeal from the order of seizure and sale, on the ground that the order was made without the required authentic evidence.

St. Paul, J., dissenting.

Appeal from Ninth Judicial District Court, Parish of Madison; F. X. Ransdall, Judge.

Suit by the Pan-American Bank & Trust Company, through its liquidators, against the Tallulah Cotton Oil Company to foreclose a mortgage. From an order for executory process, the Dixie Refining Company, a stranger to the suit, appealed, claiming that it was aggrieved by the order. Appeal dismissed.

·Stubbs, Theus, Grisham & Thompson, of Monroe, and Hall, Monroe & Lemann, of New Orleans, for appellant.

Snyder & Servier and Eugene J. McGivney, of New Orleans, for appellee Pan-American Bank & Trust Co.

Hudson, Potts, Bernstein & Sholars, of Monroe, for appellee Tallulah Cotton Oil Co.

OVERTON, J. The Pan-American Bank & Trust Company, a corporation in liquidation, through its liquidators, instituted executory process against the Tallulah Cotton Oil Company to foreclose a mortgage, granted by notarial act by the latter company to the former, for $165,000, bearing 8 per cent. yearly interest thereon from January 14, 1921, and stipulating 5 per cent. attorney's fees in the event of a suit to foreclose the same. The property mortgaged was seized and offered at public sale. It was adjudicated at the sale to the plaintiff herein for slightly over two-thirds of its appraisement.

Over a month after the sale, the Dixie Refining Company, a stranger to the suit, representing that it was an ordinary creditor of the defendant, the Tallulah Cotton Oil Company, in the sum of $18,222.89, with legal interest from June 23, 1919, petitioned the dis-

trict court, that granted the order for the executory process, for a devolutive appeal from that order, on the ground that it was aggrieved thereby. The appeal was granted and perfected. Both plaintiff and defendant move for the dismissal of the appeal, for the reason that the Dixie Refining Company shows no appealable interest in the case.

From the brief of the Dixie Refining Company, we learn that this company considers itself injured by the order granting executory process, for the reason that, in its view, it was granted without authentic evidence showing that the president of the Tallulah Cotton Oil Company, who executed the mortgage in behalf of the company, had authority to do so; the only evidence showing such authority being a certified copy, made by the deputy clerk of court, of a copy of a resolution of the board of directors of that company, attached to the notarial act of mortgage. We further learn from the same source that the Dixie Refining Company also considers itself aggrieved by the order for the reason that no authentic or other evidence of the appointment of the liquidators, who represented the plaintiff in the suit, the Pan-American Bank & Trust Company, in liquidation, was attached to the petition praying for the writ of seizure and sale. The Dixie Refining Company further contends that the alleged granting of the order for executory process, without the required authentic proof, operated to its injury, as appears from the return of the sheriff on the writ of seizure and sale, which shows that the property mortgaged sold for much less than the amount of the mortgage; and therefore, because of the injury thus resulting and appearing, it contends it is entitled to relief by appeal.

[1, 2] It may be observed, however, that the property brought the amount required by law to effect a legal sale, that is, two-thirds of its appraised value; and, as the presumption is that the property was fairly and honestly appraised, it does not therefore appear, within legal contemplation, that the Dixie Refining Company suffered injury by the amount that the property brought at the sale. Hence, whatever effect, if any, that the amount which property may bring at foreclosure sale, under executory process, may have on the right of a third party to appeal from the order granting that process, it can have no effect in this case, because the property brought all that the law required it to bring. If the appraisement was fraudulent or if the sale was a fraudulent transaction designed to place the property mortgaged beyond the reach of the Dixie Refining Company, the remedy is obviously not by appeal from the order of seizure and sale, but by an appropriate action, in a court of original jurisdiction, to annul the sale.

[3] Therefore, passing from the effect of the sale on the Dixie Refining Company's right to appeal to what may be considered the real point at issue on the motion to dismiss; that is, to the right of a stranger to the suit to appeal from the order of seizure and sale, because the order was granted without the required authentic evidence, and assuming, for the purposes of the motion to dismiss, that it was so granted, it may be observed that the question to be determined is not res nova.

In the suit of Levert Co. v. John T. Moore Planting Co., Ltd., 137 La. 382, 68 South. 733, we said that:

"It was decided in the case of Sompayrac v. Succession of Hyams, 23 La. Ann. 273, that the holder of a second or junior mortgage had no right to appeal from an order of seizure and sale issued at the instance of the holder of the first or senior mortgage.

"That decision is founded upon the theory or fact that the rights of the junior mortgagee are subordinate to those of the senior mortgagee, and the holder of the junior mortgage has no more right to interfere with the foreclosure of a senior mortgage, by appealing from the order of seizure and sale, than an ordinary cred-

itor would have. The only question presented in an appeal from an order of seizure and sale in executory proceedings is whether there was sufficient authentic evidence to authorize the fiat. That is a matter with which a subordinate creditor. is not concerned. The integrity or rank of the mortgage, with which the junior mortgagee is concerned, cannot be challenged by an appeal from the order of seizure and sale."

In that case, as in this, the appellants were strangers to the executory proceeding. They had moved for the appeal on the same ground, substantially, that is relied on in this case; that is, that the order for the writ of seizure and sale was granted without sufficient authentic evidence. The only difference between that case and the one at bar is that in the former the appellants were junior mortgage creditors, whereas in the latter the appellant is an ordinary creditor. This difference is immaterial, and does not affect the principle involved. If anything, the doctrine of the Levert Case is applicable with greater force to the case at bar. Therefore we should either follow the Levert Case and the Sompayrac Case, 23 La. Ann. 273, upon which the former is based, or overrule both of them. We prefer the former course, because we consider that both of these cases announce the correct doctrine.

For the reasons assigned, it is ordered, adjudged, and decreed that the appeal taken herein be dismissed, at appellant's costs.

ST. PAUL, J. I respectfully dissent. The appeal itself presents the very question whether or not plaintiff holds a first mortgage, or even a mortgage at all; the theory being that there is no sufficient proof of the alleged mortgage having been authorized.

In that question appellant certainly has an interest, the merits of which should be investigated on the hearing of the appeal, and not brushed aside by dismissing it.

The fact that the appeal is not suspensive has a bearing on the consequences of a possible reversal, but can have none whatever on the right of appellant to a hearing.